Jones, J.,
delivered the opinion .of the Court.
This was an action of covenant, brought in that Court by the defendant in error, against the plaintiff therein.
The declaration states, that by indenture, dated 20th May, 1819, made between the said William Morrison (by his agent, for that purpose duly authorized, Guy Morrison,) of the one part, and the said Frederick Dent of the other part, and signed by the proper names of the said Guy and Frederick, and sealed with their seals and shown to the Court, it was covenanted and agreed between them, among other things, that in consideration of the rents and covenants thereafter mentioned on the part of the said Dent, to be paid and performed, did lease and to farm let to said Dent, a certain stone house and premises in St. Louis, for the term of four' years from that day ; yielding and paying therefor yearly, and every year, to the said W. Morrison, the yearly rent of $400 a year, to be paid at the expiration of each year; and the said Dent therein covenanted with said William Morrison, to hold the premises for the said term of four years, and pay therefor yearly, and every year, during said term, to the said William Morrison, the yearly rent of $400, to be paid at the expiration of each year.
It is then averred, that Dent, on the same day, entered upon the demised premises, and was possessed thereof, for the said term; and assigns for breach, the non-payment, by Dent, to said William Morrison, of the sum of $400; of the rent aforesaid, for one year, which became due on the 20th May, 1820, to the damage of the said William Morrison of $800.
The writ of summons issued in the said case, was tested 2d November, 1820, and made returnable to the December term following, of the said Circuit Court, which was returned executed; whereupon, the cause was in that term Continued, until the first Monday of April then next, when judgment by default, for want of a plea, was entered against the defendant; whereupon, the Court considered that the said action being founded on written covenant, assessed the plaintiff’s damages, by reason of the breach of said covenant, to $424 66, and rendered judgment for the plaintiff against the defendant for that sum, with costs, to reverse which judgment, this writ of error was brought.
The errors assigned in this Court are :
1st. That final judgment Was rendered for Morrison against Dent, when, by the law of the land, that judgment should have been interlocutory, and not final.
2d. That the cause of action sounded in damages, and that the Court rendered judg-» ment for a specific sum, without any assessment of damages.
*92 3d. That judgment was rendered in the term of the circuit to which the writ was returnable, and immediately execution awarded, when, by law, the judgment ought to have been interlocutory, and not final; and a writ of inquiry should havebeen'awarded, to be executed at the next term thereafter.
4th. That the Circuit Court, without the intervention of a jury, and without the assent of the parties, assessed the damages, by reason of said breach of covenant, and rendered judgment therefor, when, by law, the damages ought to'have been assessed by a jury.
The Court will consider the arguments of tlie counsel for the plaintiff in error, and the authorities cited in support of them, in the order in which they occurred, and give their opinion on them, respectively.
It was contended by them, that, by the common law, it was not competent for the Court below, on a judgment by default or demurrer, to assess damages, without the intervention of a jury; and in support of their position, have cited 2 Selw. N. P., 464, 1 Chitty 113, and 2 Dallas 303; which go to show, that in England, damages in such cases are generally ordered to be assessed by a jury, on -writs of inquiry. There are, however, many authorities, which prove that the Courts may, and indeed frequently do, assess those damages themselves: — such, for example, as in actions upon promissory notes, bills of exchange, covenants for payment of specific sums, and some others, 8 Term Rep. 326 and 410; 2 Wils. 372, 4; 3 Wils. 61, 2; 1 H. Black. 262, 532, 529; Doug. 315, 16, and 7 Term Rep. 446, 7; and it is laid down in 1 Tidd’s Frac. 514, that a writ of inquiry is a mere inquest of office, to inform the conscience of the Court, who may, if they please, themselves assess the damages. Independent, however, of these authorities, or the practice of the English Courts, we have a statute of our own, which is decisive on the point. This statute, (Geyer’s Digest, 251,) provides, that in all cases where the demand is liquidated and reduced to writing, the Clerk may, upon a judgment by default, calculate the principal and interest really due, and endorse the amount on the execution. The practice, under this act, which passed in 1807, has, to the knowledge of the Court, uniformly been, for the Clerk, in open Court, to calculate the principal and interest appearing to be due on such written instruments, for which amount the Court rendered judgment accordingly. After such a long acquiescence under this practice, we do not Wish, nor do we think we would be justifiable, in making a decision directly repugnant to it.
It was then objected by the plaintiff, that, as by our statute, (Digest 251,) all writs of inquiry are directed to be executed at the next succeeding term after interlocutory judgment rendered, the assessment of damages, and the rendition of the judgment at the term in which the default was made, was premature, and, therefore, erroneous. This objection might be sustainable in some cases, where the damages to be assessed are in themselves uncertain, and depending on opinion; but as the breach assigned in this case, was for the non-payment of $400, for one year’s rent, which sum, by suffering judgment by default, was admitted to be due; and as that sum, with the legal interest thereon, from the time it ought to have been paid, were the only damages that could have been legally assessed, we are of opinion, that it was competent for the Court below, as well under the practice of the English Courts, as under that of ours, to have done so.
As to the objection that a writ of inquiry ought actually to have been issued to the Sheriff, and executed before him in term time, but out of Court, it will be suffi *93 cient to observe, that the uniform practice in all our Courts of Record has, under our statute, been otherwise. In no instance, as far has come to our knowledge, has such a writ issued; and were the Court now to sustain the objection, it would amount to a declaration that all final judgments, heretofore taken by default, were erroneous.
An objection was made, that the judgment was rendered in the term of the Court to which the writ was returnable, and therefore, erroneous. This objection is not founded in fact. It was not rendered until the second term, having been continued at the first. It was then contended that the cause ought not to have been continued at the first term, and that it was error to do so. We are not of this opinion; and we are further of opinion that it is not competent for the plaintiff in this Court to assign such an error, it being a maxim that none can be so that axe not prejudicial to him; and this error, were it one, tended to his advantage.
Another objection was made at the baT to the declaration — the want of an averment that the defendant, the lessee, entered and was possessed. This objection would not have been raised had the record been carefully examined. Two other objections were made — one, that the damages were assesseed without the assent of the parties; and the other, that it was irregular to have taken the default at any other than the last day of the Court. It is well established, that, on a judgment by default, the defendant has no 'day in Court; and it is as much so that the assent of the plaintiff is only necessary for the assessment of damages by the Court, which he virtually did in this case.
As to the other objection, non constat, by the record, at which day of the term the judgment was entered up; and the Court is bound to infer that every thing was regularly done, which ought to have been done, unless the contrary appeared. The Court is of opinion there is no error in the judgment of the Circuit Court.
Judgment affirmed with costs.